IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| STEVEN WOMMACK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 12-5020-CV-DPR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Steven Wommack in a decision dated June 21, 2011 (Tr. 10-20). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff argues that substantial evidence does not support the ALJ's residual functional capacity (RFC) determination because the ALJ 1) erred in determining that the claimant is capable of performing past relevant work, and 2) the ALJ did not properly evaluate the opinion evidence (Doc. 7). The Court has thoroughly reviewed the claimant's medical records, the opinion evidence, hearing testimony, and the ALJ's opinion, and finds that the ALJ's determinations are based upon substantial evidence on the record as a whole.

At step four of the Commissioner's evaluation process, the ALJ must consider whether a claimant is capable of performing past relevant work by comparing the RFC with the physical

and mental requirements of past relevant work. 20 C.F.R. § 416.920(f). This determination "must be based on more than conclusory statements." *Pfitzner v. Apfel*, 169 F.3d 566, 568 (8th Cir. 1999) (quoting *Groeper v. Sullivan*, 932 F.2d 1234-1238-39 (8th Cir. 1991)). It requires the ALJ to "make explicit findings regarding the actual physical and mental demands of the claimant's past work." *Pfitzner*, 169 F.3d at 569. An ALJ satisfies this requirement by referring to specific job descriptions in the *Dictionary of Occupational Titles*. *Id.* Here, the ALJ determined that the claimant retained the RFC to perform the full range of light work, and retained the capacity to understand, remember, and carry out simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting. The ALJ next determined that the claimant was capable of performing his past relevant work as a molding machine operator. The ALJ indicated the specific job from the *Dictionary of Occupational Titles* that the claimant had performed: molding machine operator-plastics (556.685-038). The ALJ further specified that the job as listed was light and unskilled, and that the claimant performed the job at the light level (Tr. 19). This discussion meets the specifications set forth in *Pfitzner*. The Court therefore finds no error in the ALJ's determination.

The ALJ also properly considered and weighed the opinion evidence in the record. He gave good reasons for weight afforded to the opinions appearing in the record and discounted aspects of those opinions not supported by the record, which is the ALJ's responsibility. *See Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians.").

Based upon review of the evidence of record, the Court finds substantial evidence to support the ALJ's decision. Taken together, the ALJ's determinations fall within the acceptable

3

"zone of choice" of the finder of fact, to which the court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED: September 18, 2013**

      /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**